Lovely warm weather, not good for the hairdo, but anyway we have a limited docket this morning as it turns out and we just normally we have time limits, yellow light gives you two minutes, red light says please conclude your argument unless the court is asking you a question and though it's limited docket we appreciate that self-restraint and the other point I make is that we have read the briefs and the record excerpts we are not necessarily acquainted with the whole record so we do appreciate record sites when you can give them to us. The first case of the morning is number 2021-30636 Seville v. Maersk Line. We'll hear first from Mr. Diskon. And before you get started I have a brief message for law clerk Zach Meeker. Would you come up and get a message from Kim? You can proceed. May it please the court, Tommy Diskon on behalf of Stacy Seville in our capacity as personal representative of Peter Wojcicki. This is a case against Maersk Line Limited by the estate of Peter Wojcicki. Mr. Wojcicki was an able-bodied seaman aboard the Maersk Pittsburgh and on October 28, 2017 while in Bahrain they were attempting to transfer or move the vessel from a dock to the dry dock. He was handling a major line and when he was while handling that line he injured his back severely. He was shortly thereafter within a matter of a couple of days diagnosed based upon MRI with a severe L5S1 disc. He was flown back to the states and was attempting to seek medical care through the authority of Maersk Line Limited in their obligations to provide cure. He was having difficulty in getting Maersk Line to authorize appropriate cure for his back. In addition, he was given medications that may have influenced his state of mind to a certain extent and 41 days later on December 8, 2017 he committed suicide. The suit was filed on behalf of the estate in the Eastern District of Louisiana and it was filed on October 6, 2020 against Maersk Line Limited. Why did it take so long to file suit? Your Honor, first of all we had actually had some discussions about trying to resolve the case. There was difficulty in talking to some of the representatives because of the COVID issues that were pending or taking place. People weren't in offices and so forth so that delayed us some time in doing that. Well excuse me but COVID didn't really descend on us until 2020. So you had 2018 and 2019 to work on it I suppose. Were you the lawyer throughout? Sorry ma'am. Were you the lawyer throughout? I was the lawyer throughout along with my co-attorney Captain Robert Lanson. We had other issues that we were talking to different experts and people to vet out the issues concerning the effect of medication and whether how that played a part if any in connection with the incident just like any other attorneys would do to vet out the circumstances of a case before you just jump into it and file it. At the time we finally decided to go ahead and proceed with the case. We filed it in the Eastern District of Louisiana knowing that 1406 existed. I knew 1406 existed. I went to law school and was taught by Professor Sponsler at Loyola Law School and I remember to this day in a federal procedures course saying if in doubt and you have a federal case with a federal claim you file it in a federal court somewhere in the United States because it will always be transferred to the appropriate venue. Did you think there was jurisdiction in the Eastern District of Louisiana? Did you think when you filed the lawsuit that there was jurisdiction in EDLA? At the time that we filed the lawsuit we figured there's a chance of jurisdiction. And what was that chance? Well the chance wasn't a strong chance of jurisdiction based upon the current law and how it's developed in the last few years especially on specific jurisdiction that's changed tremendously significantly over the past 30 years we've been practicing law 36 years specific jurisdiction would allow these type of cases sometimes to to be filed in various jurisdictions other than a jurisdiction where the company is based. Okay so but but 1406 and this is what you need to 1406 is designed for those cases where there is not going to be jurisdiction and or venue and I'll use those interchangeably because that's that's what it applies to it's its title is cure a waiver of defects and it gives the court authority to cure that defect it says even though you don't have jurisdiction you have the jurisdiction to cure the defect and you have the authority to do that and that authority is you shall if it's lying in the wrong venue you the district court shall dismiss shall shall dismiss or if it be in the interest of justice transfer it doesn't say may it says shall all right. Also the case law you're both sides are very familiar with is Dubin. Dubin cites a 1962 Supreme Court decision gold law something like that that gets into the history of 1406 until most of the current language was adopted it was an automatic rule the case was dismissed there was no option to transfer then first version of what we see today was passed without the interest of justice and then it was being too it was abused this right and because it was automatic the interest of justice was added as a limitation to the right to transfer. With that sort of backstory it seems to me that that the law is clear that there is a concern of too automatic a transfer that the court's role is not to always be open for mistakes that should be avoided and in fact there are penalties for mistakes of where you file and there's a there's a compromise in 1406a and what what is your best factual argument that justice demands on our abuse of discretion standard us to overrule what the district court decided to do in this case? The functional purpose of 1406a is to eliminate impediments. 1406a presumes and presupposes that there's going that there is an impediment that's what it's there for. 1404 was created when there isn't an impediment to jurisdiction or venue you would have to go through a 1404 analysis into that. 1406 says no there is no jurisdiction there's not likely to be jurisdiction there is no jurisdiction period whether it's jurisdiction by that there's no chance of there being jurisdiction whether it's jurisdiction because of some oversight or misinterpretation it doesn't it doesn't dictate or go into those details and it doesn't have a detail on them. The purpose of 1406 is to eliminate impediments and cure those those impediments to moving forward and it's to timely dispose of cases and controversies on their merits not on some preliminary issues or motions that are filed. Just wondering where did Mr. Wojciechowski or however you pronounce it where did he live? Mr. Wojciechowski lived up north in the northeast up in near Virginia. So who's what's what's the plaintiff's connection to the eastern district of Louisiana? Well your honor there isn't a connection other than that we actually practice here okay and we assumed based upon not assumed based upon the law that was in 1406 and in past experience and having dealt with occasionally 1406 the cases were transferred to the appropriate jurisdiction. Well let me let me just point out to you a fourth case Stanifor 564 of third 455 where Judge Dougherty makes a contrast between two cases and in the Stanifor case which was before that panel she said Stanifor failed to offer even one reason plausible or not for filing in what was obviously the wrong venue and no reason at all for failing to file in the proper district and therefore the panel concludes 1406 the interest of justice does not justify extending the statute of limitations. That's correct. So normally this does not disagree with other circuit courts so how if at all would you distinguish Stanifor? Well judge in reviewing the case law that I've researched and was familiar with before this issue even became an issue the fifth circuit has never adopted that or stated that principle that you just stated to me from the fourth circuit. The fourth circuit has taken a similar position the second circuit has taken a similar position and we point that out in our reply brief that all of the cases relied upon by the defense are outside the fifth circuit that state that give that additional they make it a prerequisite that you've got to show a colorable basis for the reason of filing the initial suit in the location where you filed it and that's the other jurisdictions but the fifth circuit has always said no. So it's okay for your law firm to file any suit at all in the district where you practice and place a burden on the defendant to transfer to the proper venue at any time is that your is that what you think 1406 says? Well judge in the past we've had cases with the standard club which is Mr. Tompkins represents a standard club we've handled a lot of maritime cases in the past in some of those cases we've agreed that the jurisdiction would be waived it is a waivable defect it is venue is a waivable defect matter of fact so 1406b. So you're saying yes to my question? I'm saying yes to your question because there's always a chance that they waive there's always a chance that they waive the jurisdiction themselves and then they decide to proceed but the federal courts don't work that way the law of venue and jurisdiction is that you have to fight you're supposed to file sue where there's proper venue to begin with you're not supposed to sue on the come in the hopes that your compadres in New Orleans are going to persuade their lawyer I mean that's acting in the interest of the lawyers and not the law. I don't think that that happens as much as you think that people just go file suits and hope that it gets transferred in the interest of justice has been described by the fifth circuit as being a situation where a suit has been filed timely so what is what is the harm to the other side prescription is not an issue they were aware of the case they're aware of it pending they're aware of the suit being filed and all it is is a matter of making sure it's on the right track in the right jurisdiction. Well if that were true we could do away with a whole lot of lawsuits following international shoot and you know it may be that a couple members of the supreme court want to do that where you have big companies but uh in the most extravagant I mean what's your best case for this theory? Well the best case for this theory is that is number one in the interest of justice you're dealing with a ward of the amorty court a seaman who's a ward of the court who filed his case timely within the prescriptive period and the the harm that's occurring in this case there's more harm that's going to occur to the seaman than it's going to occur to anybody else all that had to happen was was for this case to be transferred the judge in reading the opinion that he wrote uh stated uh added a new prerequisite that has not been announced and that was never stated in the fifth circuit some of the other circuits have stated it I was not aware of it because we filed it here but so so in relying upon what the law stated in the fifth circuit for Mr. Miss Seville and Mr. Wojcikowski it becomes a wane is it more fair to just dismiss his case even though the law said that it was appropriate to do so the statute says it shall dismiss and or transfer it doesn't say may okay and so I followed exactly what the statute said and and I think that we proved it was obvious and it was argued in our papers that judge if you dismiss this case which took almost a year for a ruling on that alone then it was going to be unable to be brought again because it would have been prescribed at that point so those issues were proved from the standpoint of the fifth circuit we showed that it was in the interest of justice because it was going to be dismissed and the court by instruction of 1406 shall dismiss and or transfer if it's in the interest of justice so we prove those elements your honor you know so let me ask you is there one of the things dubin quotes from the supreme court is that 1406 at least in part is to address the problems of the uncertainties of proper venue and that a mistake based on those uncertainties as a result of those uncertainties will not cause the loss of the claim I don't hear that you're relying on any uncertainties that louisiana might have been a proper location for this suit you're not arguing that you were uncertain that there was something about the eastern district louisiana that made it a proper venue it seems to me the only uncertainty is whether the other side would waive the absence of proper venue is there is is there something wrong with relying or hoping let me ask you the question though maybe the question went on too they often do on my part sorry what was the uncertainty if any as to venue in the eastern district louisiana well there there was there's always a chance of of being an improper venue and if they're not being jurisdiction um we encountered everything about this case that would be reasonable to believe that the eastern district louisiana was a proper venue um based upon the research and the motion that was filed it was our conclusion that it was not likely to be found that there was a suitable venue here in louisiana okay after we looked at their filings and everything else on the motion that's when we made the conclusion that there was not likely and that's why we conceded to the judge at that point because we looked at the law and looked at the briefing and found that and we looked and that's what we looked at but ahead of time and past experience i have always either had a chance of jurisdiction or at the release it's then transferred in the interest of justice if it was a prescription issue now if it wasn't a prescription issue then it would be dismissed and we'd simply go refile somewhere else all right counsel you've answered my question thank you we would ask the court to reverse the district court and found that there was an abuse of discretion that 1406 dictated that he shall transfer the case in the interest of justice and we we made that proof at the time of the district court you have time for rebuttal yes thank you thank you okay hey mr walsh miss walsh good morning and may it please the court i'm tara walsh and along with peter thompkins i represent merskline limited in this litigation so here there's no question that section 1406a allows judge gidrey to do what he did was which was dismiss the suit without prejudice and there's likewise from from the case law no question that district courts are afforded wide discretion in deciding whether to dismiss or transfer under these circumstances so the only question left at this stage is whether the district court clearly abused that wide discretion in deciding to dismiss the case instead of transfer and here as has been touched on this is a suit that was filed in a district where there was no connection to the parties or the suit and so we we would submit that with the relevant federal jurisprudence on the topic that he was well within that broad discretion to have uh to have dismissed taking this roughly these facts but changing as necessary to respond to my question what would require in the interest of justice what would make it error not to transfer in the case it seems from uh the circuit decisions that have been alluded to so far um like stanifer as well as the nichols decision and even the language from dubin earlier um that where there was some diligent a level of diligence exhibited by the plaintiff in choosing where to file and evaluating that decision in the context of the jurisdictional landscape at the time it's a joint i mean most line is a shipping line right yes could they not have arrested the vessel if it came into port in new orleans yeah i suppose yes they could have when when you filed the motion to dismiss for lack of uh jurisdiction uh did they have any response yes what was their response factually to the to the motion to dismiss in the trial court the plaintiff's response yes oh yes uh they conceded that there was no no personal jurisdiction in the court and their response was only to oppose or excuse me to i guess oppose the motion with a request to transfer so in in line with the the language of section 1406 uh when personal jurisdiction is lacking uh dismissal is is the default and then transfers permitted only when it is in the interest of justice and as the the plaintiff being the requesting party for that transfer uh she bore the burden of showing that it was in the interest of justice and with the the language from uh from the dubin decision that was mentioned earlier that at note five the court emphasized the the gold law ruling um and emphasizing that the diligence of the plaintiff was a consideration um in conjunction with section 1406 with the court having stated quote it is obviously not in the interest of justice to allow section 1406 to be used to aid a non-diligent plaintiff who knowingly files a case in the wrong district and while the fifth circuit has not spoken directly on this issue in recent years other circuit courts have looked to that language from from dubin and have echoed it really such as the stand for decision mentioned earlier where dismissal is proper and the district court does not abuse its discretion where the complaint and pleadings lacked an arguable basis for having filed there in the first place i don't see no case law any particular standard there's a language you and i have both quoted out of dubin are you saying that the law of the circuit has already established that absent a good faith basis for believing it was proper to file suit in the district where filed absent that kind of good faith belief dismissal is required not required uh but that a district court does not abuse its discretion in deciding to dismiss under those circumstances i think the i believe it was the fourth circuit's nichols decision that made that distinction that it wasn't necessarily a requirement but in that situation the district court is well within its discretion let's say the district court made the opposite ruling in this case and transferred would you have an argument here an appeal to have a set that aside as an abuse of discretion i'm not saying would you have done that but isn't would that be a valid argument that it was improper because there was no basis initially to file in the eastern district i think in in light of the the surrounding facts the argument could have been made especially with some of the language that's discussed in in the briefing just with with diligence and how how that ties into the interest of justice normally that wouldn't be an immediately appealable decision would it no yeah i think have did plaintiffs and i should have asked them not you did they allege that uh maris cline was uh unduly delaying the matters before uh you know such that limitation the clock was running i don't i don't believe so i don't recall i mean i think this was the first thing the defendant did was file a motion to dismiss right it was yes then the motion to dismiss for lack of personal jurisdiction was the first file first responsive filing and in so in the complaint as filed uh plaintiff had alleged that murce murce cline is a delaware corporation with its principal place in business in virginia so those two facts alone uh would would mean that louisiana is not a paradigm forum under the current state of general jurisdiction law and similarly they also did not allege that any any facts that would suggest murce cline to be essentially at home in this district either so the complaint itself did not contain a basis for the exercise of general jurisdiction and then as it was uh mentioned earlier the underlying occurrence at the root of this litigation occurred aboard the murce pittsburgh when she was first in the waters of boraine and the complaint likewise did not contain any fact or mention of a connection to louisiana so and in terms of the the cases uh cited by the plaintiff uh in in the briefing those largely contained only uh venue defects and a lot of those the fact patterns did contain at least some connection to the state of louisiana or not necessarily louisiana uh the form in which it was filed at that time which at least provided for some some basis for for having filed there in the first place and then there there is a district court decision within our circuit as well that is analogous here uh that we we did touch on in our briefing that's the brumfield versus transunion it was a judge fallon's 2020 decision and he looked to some of the principles that we've discussed so far on on the diligence of the plaintiff and you know taking you know taking steps to determine whether a forum is a proper one prior to filing mr um discon mentioned that sometimes lawyers file in jurisdictions that they know to be uh let's say uh aggressive positions and that the other side will waive uh any contest are you aware of that in the practice of admiralty injury litigation of we waiting where where a plaintiff will file a case in a location that does not have obvious venue and the defendant will waive the uh error yes so personal jurisdiction defects can can be waived of course and and yes in depending on the facts of a particular case if there is some connection to to the district uh or to the the forum uh then it i'm saying there's little the connection to the forum and in your experience to defense do the defendants waive those air patent errors uh well i can tell you in my experience so far i have i have not had that where there's uh no connection to the suit uh but that that would just be my my experience um okay so uh in i guess in all uh so the appellant is effectively asking this court to hold that transfer of the case is automatic as long as the plaintiff files suit in some federal court no matter which one by the date upon which the statute of limitations runs and here as as we've covered there is no connection to the form in the first place and in factual situations analogous to this one including where the lack of jurisdiction was conceded at effectively at the outset when challenged at least the the second fourth sixth seventh and ninth circuits have all found that the district court was within its discretion in deciding to dismiss instead of transfer and uh murskline i respectfully submit that judge gidry was correct in his ruling and within his discretion in dismissing and would request that this court affirm any other questions i can answer thank you okay thank you mr discom i was intrigued by the comment that judge jones uh repeated that you had made earlier uh there's nothing in the record i'm not sure what we could do with it but it does seem to me your position is it is not uncommon in the eastern district of louisiana to allow a case like this to proceed and for a shipping line like this defendant uh to waive any defect but is that your position i've done it in the past judge yes it is my position against this particular defendant we've actually had in with with with the standard club standard what standard protection and indemnity club the insurance company in the past with mr thompkins we've had a similar arrangement where we set up a deal where we agreed that we would pursue the litigation here in the eastern district even though it was not the appropriate overall appropriate location for the litigation to proceed we know that is the culture of the maritime bar of eastern district is anything we can do with that as uh in this case i'm not sure i understand your question well i but even if it is what can we do with that possibility in resolving this case well how does it affect what we do in this case that lawyers often agree well we just heard the argument the different circuits around the country have mentioned the law stating that if you that filed it the fifth circuit has not said anything about that or ever adopted that position i'm relying and filing a claim for mr wadjikowski and his wife his surviving wife based upon that law and and now i'm hearing in the interest of justice i should have looked at the law on the seventh circuit or fourth circuit or the second circuit not the fifth circuit and have i had i known that this was a law that that the court was going to was a position of this court i would have taken every step possible to not be before the eastern district of louisiana and filed in virginia but that's not what the law said at the time what about judge didn't judge fallon rule i think that decision was after we had already filed it after everything and it came out later on well you know i mean my understanding is that a lot of the judges in the eastern district pay close attention to their colleagues rulings so that might have been sort of a signal to you and judge fallon is certainly a very smart judge and i agree with you judge but i think that was after we had already partaken into the in this in this case that he had maybe made that comment about the law of the other circuits uh it wasn't something that i was necessarily aware of being a district court case but in following the fifth circuit cases and having briefed this issue on similar reasons in a different case uh previously i i felt like i was up to date on all the law when when this issue came up i want to show you one one example of a case i just did some research last night saying okay let's see if in the eastern district or in the fifth circuit any cases that have come out on a motion to transfer case and it was a brutal brutality case against the police department the the site is uh to 2022 west law 323970 and in that case the court said there was no chance that the plaintiff was going to have jurisdiction in the court that the suit was filed and the court didn't look at the fact that that it was going to be that there was no color that there was a colorable basis for filing a suit there the court said under 1406a i'm i'm just i'm going to go ahead and transfer the case to to to the city of irving where the where the police department was that was involved in the case and and that would be the appropriate jurisdiction the they conceded that there was no chance of it being heard in that case in in that jurisdiction well you're welcome to file that as a 28 j letter with us okay well your honor i would ask that we offer this case to you uh ellis first police department of irving should i furnish it to the clerk when i'm finished that would be fine i appreciate it uh thank you very much and i would ask again that 1406 is a cure a waiver of defects and it cures the impediments and it says that the court shall and i would implore you to reverse the district court thank you thank you very much this doesn't indicate how we would rule on the case miss walsh you were probably as nervous as most lawyers are who doing their argument but the fact that you're smiling all the time really is impressive we appreciate it